UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Lincoln County Radiology, LLC, et al. v. Silver Bird, LLC, et al.

**Case Number:** 05-01089

## Document Information

**Description:** Memorandum Opinion re: [11-1] Motion For Partial Summary Judgment Against Plaintiffs by Silver Bird, LLC .

**Received on:** 2005-10-14 13:26:30.000

**Date Filed:** 2005-10-14 00:00:00.000

**Date Entered On Docket:** 2005-10-22 00:00:00.000

## Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
Silver Bird, LLC,
    Debtor.                                 No. 11-05-10618 SA

LINCOLN COUNTY RADIOLOGY, LLC.
et al.
    Plaintiffs,

v.                                                       Adv. No. 05-1089 S

SILVER BIRD, LLC,
et al.
    Defendants.

## MEMORANDUM OPINION ON SILVER BIRD'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Silver Bird's Motion for Partial Summary Judgment (doc. 11), Plaintiffs' Response (doc. 13) and Silver Bird's Reply (doc. 14). Silver Bird appears through its attorney Moore & Berkson, P.C. Plaintiffs appear through their attorney Puccini & Meagle, P.C. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (K).

In this adversary proceeding, plaintiffs are factors[1] of the Debtor, having "purchased" accounts receivable from the Debtor at a discount. They seek a declaration of their rights to various receivables and proceeds in the hands of the Debtor or Bank 1st, Debtor's lender. Debtor's summary judgment motion

---

[1] A factor is "one who buys accounts receivable at a discount." Black's Law Dictionary 612 (7th ed. 1999).

seeks to defeat Plaintiffs' rights in the receivables by avoiding the "purchases" as unperfected transfers of property.

Federal Rule of Civil Procedure 56(c) provides, in part, "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Therefore, if the Court finds that a material fact is in dispute, summary judgment should be denied. In this case, the facts are not in dispute.

Silver Bird and Plaintiff Lincoln County Radiology, LLC ("LCR") entered into an agreement ("Factoring Arrangement") whereby Silver Bird would offer certain of its accounts receivable to LCR, who would take assignment of the accounts for 98% of the face amount of the account, and under which Silver Bird promised to repurchase any account which was not collected within forty-five days of the date of the invoice for the full amount of the account. Smith is the business manager of LCR and also individually purchased an account receivable on December 16, 2004. The documentation for the Factoring Arrangement is attached to the complaint as various exhibits. Silver Bird did assign certain accounts to

Page -2-

Plaintiffs, for which they paid pursuant to the Factoring Agreement. When Silver Bird filed its bankruptcy petition on January 31, 2005, there were outstanding factored accounts that had not yet been collected or paid over to Plaintiffs. Neither of the Plaintiffs filed a financing statement in the office of the New Mexico Secretary of State regarding the Factoring Arrangement or the assigned accounts, or regarding any transaction with Silver Bird. During the Factoring Arrangement, Silver Bird collected the accounts that were assigned to Plaintiffs, either directly or through a "lockbox" arrangement at Bank 1st, and Plaintiffs had no control over the accounts. In their response to Silver Bird's summary judgment motion Plaintiffs claim that upon purchase of the receivables they were given the physical account statements stamped "factored"[2]. From June 2, 2004 through December 31, 2004, Plaintiff LCR purchased a total of $387,946.71 and Smith purchased $14,332.19 of Silver Bird's accounts. On the petition date, Silver Bird had approximately $48,000 is accounts receivable. In calendar year 2004 Silver Bird had total sales of approximately $1,100,000.

**Conclusions of Law**

---

[2] Although they do not cite the record for this fact, the Court will assume it is true for the purpose of this decision.

Case 05-01089-s    Doc 15    Filed 10/14/05    Entered 10/22/05 16:41:00 Page 4 of 8

1.  The accounts receivable that are subject to this adversary proceeding are "accounts" under the Uniform Commercial Code ("UCC")[3]. UCC 9-102(a)(2)(A)(i) provides that an "account" means a right to payment of a monetary obligation for property that has been or is to be sold. The accounts in this case represent receivables of Silver Bird for inventory that has been sold.

2.  The accounts receivable that are subject to this adversary proceeding are not "instruments" under the UCC[4]. UCC 9-102(a)(47) provides that an "instrument" means a negotiable instrument or any other writing that evidences a right to the payment of a monetary obligation, is not itself a security agreement or lease, and is of a type that in ordinary course of business is transferred by delivery with any necessary indorsement or assignment. Accounts receivable are not in the ordinary course of

---

[3]References to Article 9 of the Uniform Commercial Code are to N.M. Stat. Ann. 55-9-101 et seq. (1978).

[4]The question of whether a particular document is an UCC "instrument" is a question of law. McFarland v. Brier, 850 A.2d 965, 976 (R.I. 2004). The test is what professionals ordinarily would do to transfer an interest in the claim evidenced by the writing. Id. Only if they would deliver the writing with an indorsement or assignment will it be considered an "instrument." Id. The Court notes that accounts receivables are normally transferred by security agreements and filed financing statements.

Case 05-01089-s    Doc 15    Filed 10/14/05    Entered 10/22/05 16:41:00 Page 5 of 8

business transferred by delivery with an indorsement or assignment. Furthermore, accounts are specifically <u>not</u> instruments. UCC 9-102(a)(2)(C)(i).

3. Article 9 of the UCC governs this factoring arrangement. UCC 9-109(a)(3) (The UCC applies to a sale of accounts.) <u>See also</u> UCC 9-102(a)(72)(D) ("'Secured party' means: ... (D) a person to which accounts ... have been sold."); UCC 9-102(a)(12)(B) ("'Collateral' ... includes: ... (B) accounts ... that have been sold."); UCC 9-309 cmt. 4 ("Any person who regularly takes assignments of any debtor's accounts or payment intangibles should file.") <u>Accord</u> <u>Systran Fin. Serv. Corp. v. Giant Cement Holding, Inc.</u>, 252 F. Supp.2d 500 (N.D. Ohio 2003)(In Ohio, factoring agreement is a sale of accounts governed by Article 9.); <u>Brookridge Funding Corp. v. Northwestern Human Services</u>, 175 F.Supp.2d 355, 361 (D. Ct. 2001)(The purchase of two account invoices was held to be a sale of accounts to which Article 9 applied.); <u>Concrete Equip. Co. Inc. v. Fox (In re Vigil Bros. Construction, Inc.)</u>, 193 B.R. 513, 517 (9th Cir. BAP 1996)("The clear rule in Arizona is that an assignment of accounts is governed by Article 9.")

Case 05-01089-s    Doc 15    Filed 10/14/05    Entered 10/22/05 16:41:00 Page 6 of 8

4. In general, a financing statement must be filed to perfect all security interests. UCC 9-310(a).

5. An exception to the general rule occurs when by law a security interest perfects upon attachment. UCC 9-310(b)(2).

6. An assignment of accounts which does not by itself or in conjunction with other assignments to the same assignee transfer a significant part of the assignor's outstanding accounts perfects upon attachment. UCC 9-309(2). Therefore, assignment of a significant part of the assignor's accounts would not perfect upon attachment.

7. The Court finds that a significant part of Silver Bird's accounts were assigned to LCR. One third of a year's gross sales is significant.

8. The Court cannot find from the record if a significant part of Silver Bird's accounts were assigned to Smith. In actual dollar amount, the assigned receivables were not significant in terms of yearly sales, but from the record, Silver Bird could have had $15,000 or $100,000 of receivables at the time of this assignment.

9. LCR's security interest in the accounts did not perfect upon attachment.

Case 05-01089-s    Doc 15    Filed 10/14/05    Entered 10/22/05 16:41:00 Page 7 of 8

10. LCR's security interest is subordinate to the rights of the bankruptcy estate. <u>See</u> UCC 9-317(a)(2)(A) (lien creditor) and 11 U.S.C. § 544(a).

**<u>CONCLUSION</u>**

The Court will grant summary judgment as to Lincoln County Radiology, declaring that its interest in the accounts receivable is subordinate to the estate's interest.

The Court will deny summary judgment as to Smith.

                            _/s/ James S. Starzynski_
                            Honorable James S. Starzynski
                            United States Bankruptcy Judge

I hereby certify that on October 14, 2005, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Shay E Meagle
PO Box 30707
Albuquerque, NM 87190-0707

George M Moore
PO Box 216
Albuquerque, NM 87103-0216

Paul M Fish
PO Box 2168
Albuquerque, NM 87103-2168

_/s/ James E. Burke_